J-S52039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES W. CRISE | |
| Appellant | No. 335 WDA 2015 |

Appeal from the PCRA Order of February 6, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No.:      CP-65-CR-0001899-2008
                                              CP-65-CR-0004502-2008

BEFORE:  SHOGAN, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 12, 2015**

James Crise appeals *pro se* the February 6, 2015 order that denied his petition under Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. As explained in its detailed opinion, the PCRA court determined that Crise's petition was untimely and not subject to any exception to the one-year time limit that applies to PCRA petitions.  Accordingly, the court dismissed his petition for want of jurisdiction.  We affirm.

Because we find, like the PCRA court, that we have no jurisdiction to review the merits of Crise's petition, it is necessary only to relate the bare procedural history of this case.  At the above-captioned docket numbers, Crise was convicted by a jury of interference with custody of children, criminal conspiracy, corruption of minors, possession of child pornography, sexual exploitation of children, and criminal use of a communication facility.

On December 22, 2009, at those two dockets, the trial court sentenced Crise to an aggregate term of imprisonment of twenty to fifty-five years' imprisonment. Crise appealed, and this Court affirmed his judgment of sentence on February 15, 2011. *See Commonwealth v. Crise*, 24 A.3d 455 (Pa. Super. 2011) (unpublished memorandum). Our Supreme Court denied Crise's petition for allowance of appeal on July 19, 2011. *Commonwealth v. Crise*, 24 A.3d 863 (Pa. 2011) (*per curiam*). Crise did not seek review by the United States Supreme Court. Thus, his judgment of sentence became final ninety days after our Supreme Court denied his petition, on October 17, 2011.

Crise filed a timely first PCRA petition on January 26, 2012. The PCRA court dismissed his petition without a hearing on January 16, 2013. Crise filed a timely appeal of that ruling, and this Court affirmed on January 31, 2014. *See Commonwealth v. Crise*, 96 A.3d 1098 (Pa. Super. 2014) (unpublished memorandum). Crise then filed a petition for allowance to appeal our decision before our Supreme Court, which that Court denied on July 16, 2014. *Commonwealth v. Crise*, 96 A.3d 1025 (Pa. 2014) (*per curiam*).

Crise filed the instant PCRA petition on August 18, 2014, nearly three years after his judgment of sentence became final, but only one month after our Supreme Court denied his petition for allowance of appeal of the denial

of his first PCRA petition. In tandem with that PCRA petition, he filed a "Motion for Recusal on Grounds of Personal Bias."[1] In this PCRA petition, Crise asserted that he was entitled to relief because the prosecutor and the trial judge threatened and intimidated his victim, E.K. Allegedly, authorities told E.K. that she would serve jail time or lose custody of her then-unborn child if she failed to testify against Crise. He further alleged that he was denied pre-trial discovery of the criminal history of a "jailhouse snitch" who testified against Crise at trial, and that the Commonwealth allowed that witness to lie about that history on the stand. As well, Crise claimed that his trial counsel was ineffective. *See* PCRA Court Opinion ("P.C.O."), 2/6/2015, at 5.

The PCRA court next dealt with a "flurry of pleadings" by Crise, and the Commonwealth's responses thereto, as well as certain motions and actions reviewed by this Court, none of which directly implicate our review of this case. *See id.* at 5-6. The PCRA court reviewed extensively its jurisdiction to review Crise's petition. *See id.* at 7-14. The court concluded that Crise's petition was untimely and not subject to any exception to the PCRA's time limit. Accordingly, it found that the court lacked jurisdiction,

---

[1] The PCRA court denied this motion on February 4, 2015.

and dismissed Crise's petition in an opinion and order entered on February 6, 2015.[2]

On February 23, 2015, Crise timely appealed the PCRA court's dismissal of his PCRA petition. On March 5, 2015, the PCRA court directed Crise to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 23, 2015, Crise timely complied. On April 15, 2015, the PCRA court entered a statement pursuant to Pa.R.A.P. 1925(a), wherein the PCRA court directed this Court to its February 6, 2015 opinion and order for a full explanation of its reasoning for denying Crise's petition.

Our standard of review for a PCRA court's order denying relief permits us only to determine whether the record supports the PCRA court's determination and whether the PCRA court's ruling is free from legal error. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). However, before we may address the merits of any of Crise's arguments, we first must determine whether we have jurisdiction to do so.

It is well-established that the PCRA time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted.

_____

[2] In addition to the PCRA court's painstaking analysis of the timeliness issue, and in spite of its determination that it lacked jurisdiction, the court nonetheless briefly addressed and rejected the merits of Crise's argument. *See* P.C.O. at 14-16.

*Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011);

*Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000). "[N]o court

may properly disregard or alter [these filing requirements] in order to reach

the merits of the claims raised in a PCRA petition that is filed in an untimely

manner." *Murray*, 753 A.2d at 203; *see also Commonwealth v.*

*Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be

considered timely if (but only if) the petitioner pleads and proves one of the

three exceptions to the one-year time limit enumerated in

subsections 9545(b)(1)(i)-(iii) of the PCRA, which provide as follows:

> (1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). When an appellant files a facially untimely petition under the PCRA, and fails expressly to invoke any of the exceptions to the PCRA's one-year jurisdictional time limit, his petition is untimely and we must deny the appellant relief. *See, e.g., Commonwealth v. Wilson*, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.").

As set forth, *supra*, Crise's judgment of sentence undisputedly became final on October 17, 2011. Crise filed the instant PCRA petition on August 18, 2014. Thus, we have jurisdiction to review his appeal only if he has pleaded and proved an exception to the PCRA's time limit.

The PCRA court dispensed quite briefly with Crise's attempt to invoke subsection 9545(b)(1)(i)'s government interference exception. In effect, the PCRA court found that the allegations upon which Crise relied went to government obstruction associated with trial, and did not directly affect Crise's ability to file his PCRA on a timely basis. Thus, the PCRA court rejected Crise's timeliness argument in this regard. **See** P.C.O. at 8.

The PCRA court considered in far greater detail Crise's reliance in the alternative upon subsection 9545(b)(1)(ii)'s newly-discovered fact exception to the PCRA's time limit. The PCRA court summarized Crise's allegations as follows:

> [Crise] alleges that he did not learn of the alleged threats and intimidation and false testimony that he claims was presented by E.K. until at least January 2013, when [he] first learned of E.K.'s alleged recantation through his mother and his former girlfriend. Because the case was on appeal to the Superior Court (appealing the denial of [his first PCRA petition]), he could not have raised the issue until the Superior Court decided that matter (January 31, 2014) and the Supreme court ruled on his subsequent Petition for Allowance of Appeal (July 16, 2014).

*Id.* at 8-9. The PCRA court correctly asserted that Crise was precluded from filing his second petition while his prior petition was pending on appeal. Thus, because he filed his second PCRA petition within sixty days of the final disposition of that appeal, he could seek to establish that the timeliness exception based for newly-discovered facts applied in this case. *Id.* at 9.

Filing a petition invoking that exception within sixty-days of allegedly learning of the basis for doing so, however, is only part of Crise's burden. He also must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

> In order to sustain an untimely PCRA petition under the [newly-discovered fact] exception, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Johnson*, 841 A.2d 136, 140-41 (Pa. Super. 2003). The PCRA court found that Crise failed to satisfy this burden.

As detailed by the PCRA court, Crise attached to his PCRA petition and/or his motion seeking recusal letters purportedly written by E.K., the victim in this case; an unsworn affidavit by Crise's mother, detailing a conversation that she allegedly had with E.K. in 2010; another unsworn affidavit allegedly signed by a former girlfriend of Crise's, also alluding to a 2010 conversation with E.K.; and, finally, a sworn affidavit signed by Crise, himself, explaining how he received the information in question from E.K. in January 2014. *See* P.C.O. at 10. Crise sought to introduce these documents into evidence at the hearing, but presented no authenticating witnesses. Crise had not subpoenaed any witnesses to appear at the hearing. Although he asserted at the hearing that his mother was in the courthouse for another matter, attempts to summon her through the public address system and by in-person checks of several courtrooms were unsuccessful. *Id.*

At the same hearing, the Commonwealth called E.K. to testify. She categorically denied that she had written the letters ascribed to her. She also flatly contradicted Crise's claim that the prosecutor or the trial judge had coerced her to lie or threatened her in any way. *Id.* at 11-13. Consequently, the PCRA court found that the documents in question were inadmissible hearsay or hearsay within hearsay. *Id.* at 13. Accordingly, the PCRA court concluded that Crise had failed to establish a basis for the application of the newly-discovered fact exception.

As noted *supra*, we are bound not to disturb a PCRA court's fact-finding that is supported by the record. Otherwise, we may intercede only when the PCRA court commits an error of law. We find that the PCRA court's findings of fact are supported by the record and that its ruling is not erroneous as a matter of law.

As importantly, though, Crise cannot prevail on this appeal because he has failed to plead and prove **in his brief** that any timeliness exception applies. Aside from one brief mention of the governmental interference and newly-discovered facts, **see** Brief for Crise at 5, in the context of which it is not even clear that he intended to rely upon those to establish his petition's timeliness, Crise's brief focuses solely upon the merits of his underlying claims for PCRA relief.[3] We cannot reach those arguments if we lack jurisdiction to do so, and it is Crise's burden to establish that jurisdiction. Moreover, he plainly was on notice of his timeliness problem, because the PCRA court provided a lengthy, careful review of the foundation for an exception provided by Crise, concluding only after considerable analysis that Crise had failed to establish that an exception applied. It was incumbent

_____

[3] These included his claims of witness intimidation, Brief for Crise at 8-9; the improper exclusion of a prosecution witness' criminal history, **id.** at 10-12; the trial court's alleged failure to rule on a challenge to the discretionary aspects of Crise's judgment of sentence, **id.** at 12-14; an alleged due process violation in the trial court's alleged *ex parte* communications with the Commonwealth, **id.** at 14-15; and the trial court's alleged imposition of improper limitations upon the scope of Crise's trial examination of E.K., **id.** at 15-16.

upon him to address that issue in his brief to this Court. ***See Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2014) ("It is not the obligation of an appellate court to formulate appellant's arguments for him." (brackets and ellipses omitted)). Crise's failure to do so leaves us with no choice but to conclude that Crise's instant PCRA petition was untimely and not subject to any exception. Consequently, the PCRA court and this Court lack jurisdiction to review its merits.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015